## LUDDINGTON vs. PULVER.

A *bond* reciting a conveyance of land, and covenanting to indemnify and save harmless the obligee against all actions brought for the recovery of the land, and against all costs and expenses in consequence, is an indemnity only against all *lawful claims*, and the breach assigning the bringing of a suit without alleging title in the party prosecuting, will not give a right to recover.

The fact of a warrantee deed having been given simultaneously with the bond will not vary the construction of the covenant.

DEMURRER to declaration. The declaration is in debt on bond for the performance of covenants. The condition, after reciting that the defendant and another person had by a *warrantee deed*, bearing even date with the bond, conveyed to the plaintiff a certain tract of land, provides that the defendant and such other person shall indemnify and save harmless the plaintiff from all actions to be brought by any person or persons for the said tract of land, and from all costs and expenses to be incurred by him in consequence of such actions by any person claiming or to claim the same. The breach assigned is, that one Niver, after the making of the bond, claimed title to the land, and commenced an action of ejectment for the recovery thereof; whereby the plaintiff was put to great costs and expenses in and about the defence of the action, and did necessarily lay out and expend, in and about such defence, a large sum of money to wit, the sum of $1000, whereby an action accrued, &c. The defendant demurred.

*A. Vanderpoel,* for defendant. To have entitled the plaintiff to recover, he should have averred that the suit of Niver was prosecuted for a *lawful claim,* and that he had title to the premises. The covenant is virtually a covenant for quiet enjoyment, on which no action can be maintained unless there be an eviction; had the covenant been to indemnify against some *particular claim,* and not generally against *all claims,* an action would have lain. *Hob.* 34. *Cro. Eliz.* 212. 1 *Str.* 400. 1 *Barn. & Cres.* 29. *Comyn's R.* 230. 8 *Johns. R.* 198.

*A. L. Jordan*, for plaintiff. It is manifest that the intention of the parties, in the execution of this bond, was to give the obligee an assurance further than was secured to him by his deed. That gave him an indemnity in case of an eviction; this was intended to secure him against all costs and expenses to which he might be exposed by vexations and unfounded claims, or why was the bond given? Admitting, that but for the deed, this case would be within the principle of the decisions quoted by the defendant, the consideration that the obligee was already secured an indemnity against all lawful claims, requires that a more enlarged construction should be given to the bond, to effectuate the intention of the parties. In the case in 8 *Johns. R.* 198, the party could sustain no damage without an eviction. The covenant in the bond is a covenant for indemnity, and not merely for quiet enjoyment. 6 *Johns. R.* 150. 8 *id.* 406. 2 *Cowen*, 806. 7 *East*, 240. 9 *id.* 16. 2 *Bos. & Pul.* 22. 1 *Comyn's Dig. Covenant, D.* 2 *Comyn on Cont.* 532. *Bacon's Abr. Covenant, F.* Co. *Little.* 183.

*By the Court*, MARCY, J. The objection to the declaration is, that it does not aver that Niver prosecuted for a lawful claim, or that he had any title whatever to the lands.

There is no dispute as to the general rule to be observed in construing contracts. They are to be so expounded as to effectuate the intentions of the parties, and where a doubt arises from any ambiguity or obscurity in the language, the court will incline against the party whose words are the matter to be construed. If we were to apply this rule to the present case, regardless of the decisions which are urged upon us as an exception to it, we should probably say a sufficient breach of the condition of the bond is assigned in the declaration. But if general expressions have been limited by construction, they are supposed to be used with reference to the restriction they have received, unless the contrary evidently appears from other parts of the instrument in which they are found. Thus a covenant for quiet enjoyment is not broken by any disturbance, other than a lawful eviction. In the case of *Van Slyck* v. *Kimball*, 7 *Johns. R.* 198, the gen

eral expressions of the covenant were greatly narrowed by the construction given to them.

A covenant to save harmless against the claims and demands of all persons, has been too often decided not to extend to *tortious acts,* for us to alter the construction of it. The authority for this construction is taken from the year books, and courts have adherred to it down to the present time. 1 *Roll. Abr.* 430. *Hob.* 35. 2 *Lev.* 37. 1 *Str.* 400. *Cro. Eliz.* 212. The law of these cases is recognized in *Fowle* v. *Welsh,* 1 *Barn. & Cres.* 29. This last case is based on that of *Nash* v. *Palmer,* 5 *Maule & Selw.* 374, which Ch. J. Abbott says is in truth only a confirmation of many prior decisions. In the case of *Nash* v. *Palmer,* Lord Ellenborough said "that the rule had been correctly laid down at the bar, that where a man covenants to indemnify against all persons, this is but a covenant to indemnify against a *lawful* title ; and the reason is, because, as regards such acts as may arise from a rightful claim, a man may well be supposed to covenant against all the world ; but it would be an extraordinary extension of such a covenant, if it were good against all acts which the folly or malice of strangers might suggest, and therefore the law has properly restrained it within its reasonable import." The authority of these cases must prevail over any speculations as to the intent of the parties, founded only on the comprehensiveness of the language used by the obligor.

There was an attempt to divert the application of this rule from the present case, because there was a warrantee deed given at the same time that the bond was executed : but I think we can give no other construction to the condition of the bond, than that which it would receive if the language in which it is clothed had been inserted in the deed ; and if in the deed it would have been subject to the rule before mentioned. Where *two or more instruments relate to the same transaction,* they are to be taken together, particularly if they are executed at the same time, and in construing any one of them, reference is to be had to all. If the deed in this case had contained, in addition to the usual covenant of warranty, a

covenant to save harmless, and indemnify the plaintiff against all suits, actions, costs and expenses, arising from any claim of any person to the lands thereby conveyed, should we be authorized to depart from the uniform and long settled rule of construing this last covenant, because it was joined with one to warrant and defend ? The reason urged for the departure is, that if the bond is to receive the restricted construction contended for, the two covenants would be alike. If this were to be taken for true, I do not think it would warrant us to abandon a settled construction ; but it does not appear that they would be alike. A warrantee deed may not extend as far as the condition of the bond does, if we give to it the construction for which the defendant contends. A warrantee deed may only extend to the acts of the grantor, or to a title derived from him ; but the condition in the bond, as we construe it, extends to all lawful claims or demands against the land from whomsoever they may arise. Whatever may be the covenant or warranty, we are inclined to think that we ought to adhere to the construction which appears to have been uniformly given to the language used in the condition of the bond.

Judgment for defendant, with leave to the plaintiff to amend on usual terms.